Filed 6/17/22  P. v. Ochoa CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>CARLOS ENRIQUE OCHOA,<br><br>     Defendant and Appellant. | F083022<br><br>(Fresno Super. Ct. No. F20903611)<br><br>**OPINION** |

---

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Smith, Acting P. J., Snauffer, J. and De Santos, J.

## INTRODUCTION

Appellant and defendant Carlos Enrique Ochoa was sentenced to two years in prison pursuant to a plea agreement. The court also imposed a restitution fine and two fee assessments, in lesser amounts than the recommendations in the presentence report. The abstract of judgment, however, was inconsistent court's oral pronouncement as to the two fee assessments.

On appeal, appellant requests this court order an amended and corrected abstract of judgment consistent with the trial court's oral pronouncement of judgment as to the two fee assessments. The People disagree and argue the trial court's statements at the sentencing hearing were legally erroneous and the abstract is correct.

We agree with appellant and order an amended and corrected abstract of judgment as to the two fee assessments imposed at the sentencing hearing, and otherwise affirm.

## FACTS[1]

On June 2, 2020, officers arrived at appellant's apartment in Mendota to conduct a parole search. Appellant's girlfriend answered the door. Appellant appeared and was cooperative, and he was detained by the officers.

The officers asked appellant's girlfriend if there were any weapons or narcotics in the apartment. She said that when the officers initially knocked, appellant grabbed a handgun and put it in a black bag in the bedroom.

The officers searched the black bag and found an operable revolver in a holster, four live rounds of .32-caliber ammunition, and hypodermic needles. The officers also found apparent methamphetamine.

Appellant was advised of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436 and admitted everything belonged to him. He claimed his brother gave the

---

[1] The facts are from the preliminary hearing.

2.

gun to him two days earlier, he knew he was not allowed to have a gun, and he was just "holding" it for his brother.

## PROCEDURAL BACKGROUND

On September 17, 2020, a first amended information was filed in the Superior Court of Fresno County charging appellant with count 1, possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1));[2] and count 2, misdemeanor possession of an injection/ingestion device (Health & Saf. Code, § 11364), with one prior strike conviction.

On October 1, 2020, appellant's jury trial began with motions. The court heard and denied appellant's motion to discharge his attorney pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.

**Plea**

On October 5, 2020, appellant pleaded no contest to both counts and admitted the prior strike conviction pursuant to a negotiated disposition for an indicated maximum term of four years, and the court's consideration of a request to dismiss the prior strike conviction.

**Presentence Report**

On March 5, 2021, appellant filed a sentencing brief and requested dismissal of the prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

The presentence report stated appellant was 40 years old, unemployed, and his only source of income was $190 in monthly food stamps.

The report recommended imposition of the midterm of two years, doubled to four years in state prison as the second strike sentence.

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

The report also recommended a restitution fine of $1,200 (§ 1202.4, subd. (b)) and a suspended parole revocation fine in the same amount (§ 1202.45). The report further recommended: "Pay a courtroom security fee of $40.00 ($80.00 total) pursuant to … Section 1465.8(a)(1) for each conviction, a $30.00 ($60.00 total) assessment fee pursuant to Government Code Section 70373 for each conviction, a probation report fee of $296.00 pursuant to PC [section] 1203.1B [*sic*] within 30 days or, if in custody, within 30 days following release at the Action Center or by a date ordered by the Court, and pay attorney fees pursuant to PC [section] 987.8 as set forth in the Fresno County Flat Rate Schedule of Fees or determined by the Court."

**Sentencing Hearing**

On April 28, 2021, the court held the sentencing hearing. The prosecutor opposed dismissal of the prior strike conviction because appellant had a lengthy criminal record that included crimes of violence, crimes against persons, crimes involving weapons, and domestic violence, and he tried to blame his girlfriend for the presence of the gun.

The court acknowledged appellant's lengthy criminal history but decided to grant appellant's request to dismiss the prior strike conviction: "… I'm still going to weigh and balance all of these questions and concerns, and I'm going to at this time find that there is sufficient reasons based on the doctor's report—although he does not find particularly PTS related issues, and also the nature of this charge, the way it developed and way it has come to light, that, in fact, [appellant] does qualify for the Court to consider the benefit of the striking of the strike. [¶] So I am going to strike it for sentencing purposes only …."[3]

---

[3] The court's reference to the "doctor's report" is based on a motion made by defense counsel prior to the sentencing hearing, for an evaluation of appellant pursuant to Evidence Code section 460. The court granted the motion and appointed an expert to compile a report. The court reviewed the report before imposing sentence.

The court found appellant was statutorily ineligible for probation and not a suitable candidate. The court sentenced him to the midterm of two years in prison for felony count 1, with jail time for misdemeanor count 2.

The court stated a restitution fine of $1,200 was recommended, but it was "striking that in half." The court imposed a $600 restitution fine (§ 1202.4, subd. (b)) and suspended the parole revocation fine in the same amount (§ 1202.45).

The court imposed a court operations assessment of $40 (§ 1465.8) and a criminal conviction assessment of $30 (Gov. Code, § 70373), "due within 120 days from your release from custody." The court did not impose or address any other fines or fees listed in the presentence report.

In contrast to the court's oral pronouncement of judgment, the minute order and abstract of judgment stated it imposed court operations assessments of $80 (§ 1465.8) and criminal conviction assessments of $60 (Gov. Code, § 70373).

**Section 1237.2 Letter**

On July 7, 2021, appellant filed a timely notice of appeal. The superior court denied his request for a certificate of probable cause.

On December 30, 2021, while this case was pending on appeal, appellate counsel filed a letter with the superior court, stated that the reporter's transcript for the sentencing hearing showed the court imposed a court operations assessment of $40 (§ 1465.8) and a criminal conviction assessment of $30 (Gov. Code, § 70373), and the abstract erroneously stated the amounts were $80 and $60. Appellate counsel requested correction of the abstract consistent with the court's pronouncement of judgment. The superior court did not respond to counsel's letter.[4]

---

[4] Appellate counsel requested this court take judicial notice of the letter to the superior court. The People did not object. We therefore take judicial notice of the letter.

Section 1237.2 requires a defendant to "first make[] a motion for correction in the trial court" about the imposition or calculation of the restitution fine and fees. (*People v.*

5.

## DISCUSSION

On appeal, appellant raises one issue—the reporter's transcript shows the court imposed a court operations assessment of $40 (§ 1465.8) and a criminal conviction assessment of $30 (Gov. Code, § 70373), the abstract of judgment erroneously stated those amounts were, respectively, $80 and $60, and this court must order correction of the abstract consistent with the court's oral pronouncement of judgment.

## I.      Conflicts Between the Court's Oral Pronouncement and Abstract of Judgment

The judgment of conviction includes the court's imposition of fines and fees. (*People v. Tillman* (2000) 22 Cal.4th 300, 301–302; *People v. Zackery* (2007) 147 Cal.App.4th 380, 387.)  The oral pronouncement of judgment controls over any discrepancy with the minutes or the abstract of judgment.  (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070; *People v. Frederickson* (2020) 8 Cal.5th 963, 1027; *People v. Sharret* (2011) 191 Cal.App.4th 859, 864.)

"An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize."  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) The court clerk lacks the authority to add fines or fees not imposed by the trial court. (*People v. Zackery*, *supra*, 147 Cal.App.4th at pp. 385–390.)  "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment.  [Citation.]  [T]he clerk's minutes must accurately reflect what occurred at the hearing."  (*Id*. at pp. 387–388.)

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery, supra,* 147 Cal.App.4th at p. 385; *People v. Farell* (2002) 28 Cal.4th

*Hall* (2019) 39 Cal.App.5th 502, 504.)  While the court did not respond to counsel's letter, appellant complied with the statute, and we may consider this issue on appeal.

381, 384, fn. 2.) If the clerk includes fines in the court's minutes or the abstract of judgment that were not part of the oral pronouncement of sentence, those fines must be stricken from the minutes and the abstract of judgment. (*People v. Zackery, supra,* 147 Cal.App.4th at pp. 387–389; *People v. Vega* (2015) 236 Cal.App.4th 484, 506.)

## II. Imposition of Fines and Fees

The People agree that "[o]rdinarily" the court's oral pronouncement of judgment controls over the abstract of judgment but assert the abstract in this case is correct and need not be amended. The People argue that, based on appellant's two convictions, the court was statutorily mandated to impose the court operations assessment of $40 per conviction, for a total of $80 (§ 1465.8), and the criminal conviction assessment of $30 per conviction, for total of $60 (Gov. Code, § 70373). The People further argue the court lacked discretion to reduce these two fee assessments, and the abstract correctly stated that appellant had to pay, respectively, $80 and $60. The People argue that appellant never raised an ability-to-pay objection and thus waived that issue, and the judgment should be affirmed.

Appellant acknowledges that section 1465.8 and Government Code section 70373 required fee assessments of $40 and $30, respectively, for each felony and misdemeanor conviction. Appellant notes, however, the court decided to reduce the recommended restitution fine by 50 percent and asserts the court likely found he lacked the ability to pay the two fee assessments, similarly reduced those amounts, and the People did not object when the court did so.

The $40 court operations assessment and the $30 court facilities assessment fee are mandated by statute to be imposed for each felony and/or misdemeanor conviction. (§ 1465.8; Gov. Code, § 70373; *People v. Woods* (2010) 191 Cal.App.4th 269, 272–273.) In addition, as relevant herein, the court shall impose a restitution fine between $300 and $10,000 in every felony case where a person is convicted of a crime, "unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the

7.

record," the defendant's inability to pay "shall not be considered a compelling and extraordinary reason not to impose a restitution fine," and inability to pay "may be considered only in increasing the amount" of the fine above the statutory minimum. (§ 1202.4, subds. (b), (c).)

While the statutes mandate these fines and fees, *People v. Dueñas* (2019) 30 Cal.App.5th 1157 held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes the section 1202.4, subdivision (b) restitution fine, and the court facilities and operations assessments under section 1465.8 and Government Code section 70373.[5] (*Id*. at p. 1164.)

Appellant never raised an ability-to-pay or a *Dueñas* objection at the sentencing hearing. The entirety of the court's orders, however, strongly infer it considered his ability to pay and modified the recommendations for the fines and fees accordingly.

First, the court acknowledged the recommended restitution fine was $1,200, but decided to reduce that fine by 50 percent to $600. When the court addressed the two fee assessments, it again declined to impose the recommendations of $80 for the court operations assessment (§ 1465.8) and $60 for the criminal conviction assessment (Gov. Code, § 70373), and similarly imposed half those amounts of, respectively, $40 and $30.

There was also a recommendation for the court to order reimbursement of the costs of attorney fees pursuant to section 987.8, but that statute contains a presumption that a defendant sentenced to more than one year in prison does not have the ability to reimburse defense costs. The court, having sentenced appellant to two years in prison on count 1, lacked statutory authority to impose a reimbursement order and did not do so. (*People v. Rodriguez* (2019) 34 Cal.App.5th 641, 646.)

---

[5] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

Finally, there was a recommendation for imposition of a $296 probation report fee pursuant to former section 1203.1b. At the time of appellant's sentencing hearing in April 2021, former section 1203.1b authorized the court to impose a probation report fee if the court determined the defendant had the ability to pay. (See, e.g., *People v. Trujillo* (2015) 60 Cal.4th 850, 855.)[6] The court did not impose this amount, or even mention or address the probation report fee.

Given the court's decisions on the fines and fees, it may be inferred that the court found appellant did not have the ability to pay the recommended amounts based on *Dueñas*, reduced the restitution fine and the two fee assessments by 50 percent, and decided not to impose the probation report fee based on the ability to pay provisions of former section 1203.1b.

The People complain that appellant never raised an ability-to-pay objection. Indeed, appellant had the statutory right to object to the restitution fine since it exceeded the statutory minimum and could have then relied on that objection to also protest the two fee assessments. (See, e.g., *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.) Appellant's failure to make such an objection, however, did not bar the court from doing so on its own motion. More importantly, the People failed to object to the court's decision to reduce the restitution fine and the two fee assessments and not to impose the probation report fee. The People, having not filed a notice of appeal from the judgment, has waived any objection to the court's implied *Dueñas* ruling. (See, e.g., *People v. Tillman*, *supra*, 22 Cal.4th at pp. 302–303.)

---

[6] Effective July 1, 2021, Assembly Bill No. 1869 (2019–2020 Reg. Sess.) repealed former section 1203.1b and abrogated the court's authority to impose and collect the probation report fee; and enacted section 1465.9 that made any balance remaining due uncollectible and unenforceable. (*People v. Clark* (2021) 67 Cal.App.5th 248, 259.)

We thus order correction of the abstract of judgment and the minute order of the April 28, 2021, sentencing hearing, consistent with the court's oral pronouncement of judgment.

## **DISPOSITION**

The abstract of judgment and the minute order for the April 28, 2021, sentencing hearing are ordered amended, consistent with the court's oral pronunciation of judgment, to show the court imposed the court operations assessment of $40 (§ 1465.8) and the criminal conviction assessment of $30 (Gov. Code, § 70373).  The court shall forward a certified copy of the amended and corrected abstract to all appropriate parties.  In all other respects, the judgment is affirmed.